IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL-LEONARD DORSETT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00911-O-BP |
| | § | |
| **TROY MILLER,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this *pro se* action, Plaintiff filed a Complaint on July 30, 2021 entitled "Verified Claim for Rights and Privileges and Demand for Injunction." ECF No. 1. In the pleading, Plaintiff seeks "free ingress to Texas and regress to Mexico with my wife, Patricia Margarita Hernandez-Lopez Dorsett" from the Defendant, the Acting Commissioner for U.S. Customs and Border Protection. *Id.* at 1–2. The case was automatically referred to the undersigned pursuant to Special Order 3 on the same day. ECF No. 2. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the case **WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Because Plaintiff did not pay the filing fee, the undersigned entered a Notice of Deficiency and Order on August 5, 2021, ordering Plaintiff to either pay the $402.00 filing fee or file a motion for leave to proceed *in forma pauperis* on or before September 6, 2021. ECF No. 5. On September 7, 2021, Plaintiff filed his "Reply to Clerk's Demand for Payment of Filing Fee" in which he stated that he was a "living soul" and claimed "his jus soli Texan sovereign Rights and Privileges for without costs using his courts for restraining the commercial agents from the United States legal

subdivision of the United States of America who are operating under a deceptively similar name and violating [his] birthrights . . . under the color of private commercial law." *Id.* at 1, 7.

The Plaintiff has failed to comply with the Court's order to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. He has not provided an affidavit or other evidence to show that paying the filing fee would cause him a financial hardship as is required by 28 U.S.C. § 1915(a). Instead, Plaintiff argued that he is not required to pay the filing fee due to his status as a "living soul" and because he "cannot be charged a fee or a tax because no charge can be levied upon one of the people as a condition precedent for exercising his Constitutional protected jus soli birthright Rights and Privileges." ECF No. 6 at 7. Section 1915(a) does not exempt suits asserting violation of constitutional rights from its requirements. The undersigned thus entered the August 5 order accordingly. ECF No. 5. The Order warned Plaintiff that "failure to comply with [the] order may result in a recommendation that this case be dismissed under Federal Rule of Civil Procedure 41(b) for want of prosecution or for failure to obey a court order." *Id.*

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should determine financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Moreover, "[a] district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the

disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has failed to comply with the Court's previous order to either pay the $402.00 filing fee or file an application for leave to proceed *in forma pauperis* that contained evidence in support of his application. The Court warned Plaintiff that failure to do so could result in a recommendation that the case be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders. Although Plaintiff has not obeyed the Court's order, subjecting his Complaint to dismissal with prejudice under Rule 41(b) is not warranted at this time.

Because Plaintiff has failed to comply with the Court's order, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** Plaintiff's case **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an

3

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 20, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE